UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | Case No. 4:12-cr-19 |
| v. | ) | |
| | ) | Judge Mattice |
| VICTOR J. STITT | ) | |
| | ) | |
| | ) | |

# MEMORANDUM AND ORDER

Before the Court are Defendant's Motion to Dismiss the Indictment (Doc. 31) and Motion to Dismiss for Lack of Proper Venue (Doc. 33). The Government has responded in opposition to both Motions. (Doc. 35). For the foregoing reasons, the Court will **DENY** both of Defendant's Motions.

## I.    Motion to Dismiss the Indictment

On March 27, 2012, a grand jury indicted Defendant on one count of violating 18 U.S.C. § 922(g)(1). (Doc. 1). The Indictment specifically stated that Defendant "having previously been convicted in court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, a firearm[.]" (*Id.*). In his Motion to Dismiss the Indictment, Defendant argues that one of the required elements of the offense of being a felon in possession of a firearm is that the defendant knowingly possessed the specific firearm listed in the Indictment. (Docs. 31, 32). He accordingly argues that his Indictment is defective and fails to charge the offense because it does provide details as to the specific firearm that was allegedly possessed. (Docs. 31, 32).

A criminal indictment will generally be constitutional if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he

must defend, and . . . enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). An indictment cannot stand, however, if it "fails to charge *an essential element of the crime* defined by the statute." *United States v. Heller*, 579 F.2d 990, 999 (6th Cir. 1978) (emphasis added). The United States Court of Appeals for the Sixth Circuit has expressly held that the specific firearm used is not an essential element of possession of a firearm by a convicted felon. *See United States v. Smith*, 27 F. App'x 577, 581-82 (6th Cir. 2001). The Sixth Circuit first noted that it had previously held that the specific type of firearm used or possessed during a crime of violence was not an essential element of an offense under 18 U.S.C. § 924(c). *Id.* at 581 (citing *United States v. Robison*, 904 F.2d 365, 369 (6th Cir. 1990). The Sixth Circuit next noted that both the Fifth and Tenth Circuits had held that the specific type of firearm possessed by a felon was similarly not an essential element of the offense charged under § 922(g)(1). The Sixth Circuit accordingly extended the logic of *Robison*, and held that the specific firearm possessed was not an essential element of a § 922(g)(1) offense. *Id.* at 581-82.

Because the specific firearm possessed by a convicted felon is not an essential element of the § 922(g) offense, the specific firearm need not be charged or otherwise specified in the indictment in order for the indictment to withstand constitutional scrutiny. *See Hamling*, 418 U.S. at 117; *Heller*, 579 F.2d at 999; *Smith*, 27 F. App'x at 581-82. Here, Defendant's Indictment contained all of the essential elements of the § 922(g) offense; accordingly, dismissal of the Indictment is not warranted.

Defendant also argues that the Indictment is "in effect, duplicitous" because there is a risk that the Government "would argue and present evidence regarding a different firearm" in the event that it found itself "unable during the trial to prove . . . guilt as to a

2

particular firearm." (Doc. 32 at 2). The Government responds that the Defendant cannot "claim that he will somehow be surprised by anything at trial," as the "information regarding the defendant's possession of a firearm on the date set forth in the Indictment was provided to the defendant in discovery, including a description of the firearm recovered from him on the day of the incidents[.]" (Doc. 35 at 4). The Court finds the Government's argument persuasive, and finds that the indictment is not duplicitous on its face. *See United States v. Davis*, 306 F.3d 398, 415 (6th Cir.2002) ("An indictment is duplicitous if it sets forth separate and distinct crimes in one count."). Accordingly, Defendant's Motion to Dismiss the Indictment will be **DENIED**.

## II.     Motion to Dismiss for Lack of Proper Venue

In his Motion to Dismiss for Lack of Proper Venue, Defendant argues that venue is improper in the Eastern District of Tennessee because he was arrested and allegedly found to be in possession of a firearm in Cannon County, Tennessee, which is in the Middle District of Tennessee. (Docs. 33, 34). The Government argues that Defendant committed a continuing offense, which began in the Eastern District of Tennessee, when Defendant allegedly threatened his girlfriend with a firearm, and then continued into the Middle District of Tennessee, where Defendant was ultimately apprehended. (Doc. 36).

The Court again finds the Government's argument persuasive. In relevant part, 18 U.S.C. § 3237 provides that "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). The investigative report attached to Defendant's own Motion indicates that he was detained in Cannon County by a Coffee County

3

Sheriff's Deputy responding to a report of an assault in Coffee County that involved a firearm. (Doc. 34-1 at 4-5). Defendant is charged with being a felon in possession of a firearm; the record before the Court shows that Defendant's alleged possession began in the Eastern District of Tennessee, specifically, Coffee County, and continued into the Middle District of Tennessee, where he was apprehended in Cannon County. Defendant's offense was thus committed in more than one district, and venue is proper in both the Eastern and Middle Districts of Tennessee. Accordingly, Defendant's Motion to Dismiss for Lack of Proper Venue will be **DENIED**.

Based on the foregoing, Defendant's Motion to Dismiss the Indictment (Doc. 31) and Motion to Dismiss for Lack of Proper Venue (Doc. 33) are hereby **DENIED.**

**SO ORDERED** this 26th day of October, 2012.

                                                         /s/ Harry S. Mattice, Jr.
                                                           HARRY S. MATTICE, JR.
                                                      UNITED STATES DISTRICT JUDGE